IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY GARRETT, # N-20411, a/k/a JOHNNIE GARRETT, </br></br>Plaintiff,</br></br>vs.</br></br>STATE of ILLINOIS, ATTORNEY GENERAL, PEOPLE of the STATE of ILLINOIS, and WARDEN,</br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)  Case No. 13-cv-1298-JPG</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), where he is serving a 25-year sentence for aggravated arson. Plaintiff originally filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on September 12, 2013, in the Middle District of Florida, under Case No. 13-cv-1420. Upon examination of the complaint, the Florida court entered an order to transfer the matter to this Court on September 17, 2013 (Doc. 2). However, due to error and inadvertence, the case was not received by this Court for docketing until December 16, 2013. This omission was discovered and corrected in the course of reviewing another case Plaintiff originally filed with the Florida court (*Garrett v. Attorney General, et al.*, Case No. 13-1196-JPG (S.D. Ill.); filed Nov. 4, 2013, under Case No. 13-cv-1716 (M.D. Fla.)).

After Plaintiff filed the instant case in Florida (his first of three in that court), Plaintiff filed three other actions in this district between October 18 and 24, 2013. Two of these Southern District of Illinois cases were habeas corpus actions which have been dismissed (*Garrett v.*

*Warden, et al.*, Case No. 13-cv-1082-DRH, dismissed Nov. 12, 2013), and (*McClain & Garrett v. Attorney General, et al.*, Case No. 13-cv-1103-DRH, dismissed Nov. 20, 2013). The third was a civil rights complaint, *McClain & Garrett v. Attorney General, et al.*, Case No. 13-cv-1087-MJR, filed on October 21, 2013. The complaint in that case consisted of disjointed, vague, and general allegations of mistreatment, but failed to indicate what harms (if any) Plaintiff himself had suffered, nor did it identify any Defendant who was personally involved in any unconstitutional actions. Plaintiff's complaint in Case No. 13-1087 was dismissed, and he was granted leave to submit an amended complaint by January 6, 2014 (Doc. 8 in Case No. 13-1087, docketed Dec. 2, 2013).

**The Complaint**

Plaintiff's complaint in the instant action consists of eight handwritten pages (Doc. 1), plus a one-page letter to the Clerk (Doc. 1-1) with an attachment showing some transactions from Plaintiff's inmate trust fund account. The caption of his complaint lists both "District of Orlando Florida" and "Northern District of Illinois" and is styled "Johnny Garrett versus State of Illinois," also listing the other Defendants (Doc. 1, p. 1). The second page is entitled, "United States of America, Johnnie Garrett – Plaintiffs versus United States President – White House – Barack Obama" (Doc. 1, p. 2). The rest of this page appears to be a list of criminal charges that have been brought against Plaintiff since 1981, and the outcome of those cases.

Plaintiff goes on to reproduce what looks like several docket entries from an unidentified case, followed by the preamble to the United States Constitution (Doc. 1, p. 3). He then launches into a list of 108 numbered items which he later refers to as "complaints" (Doc. 1, pp. 3-7). This list of 108 legal claims or cases is virtually identical to a list he filed in the civil rights case still

pending in this Court (Case No. 13-cv-1087-MJR, Doc. 1 pp. 11-17).[1]  The first item listed is "1. Age Discrimination in Employment under, 1986, 2014."  Plaintiff's list ends with "108. Gifts of Fund on Deposit In Bank Account, 1981, 2014" (Doc. 1, p. 7).  Other items on this list include "Housing Discrimination litigation" (#3), "police misconduct litigation Plaintiffs Remedies" (#5), "Asserting claims of unconstitutional prison condition" (#6), "Sex Discrimination Sexual Stereotyping" (#9), "child custody litigation cases" (#25), "Age Discrimination in Employment A.D.E.A." (#34), "Workers Compensation Employment Injury lawsuits" (#37), and "loss of prospective inheritance cases" (#80), to name a few (Doc. 1, pp. 3-6).

He next makes reference to some copyright or publishing information.  Finally, he says:

> May Barack Obama, can answer these Complaints, these 108 complaints, answer one-by-one, separate for $500.00 each complaints, denying why related claims should be deny by the State's [sic] of Illinois, in 6 month or Default, you have 6 month to answer the complaints, And deny Any one or all, to give me an [sic] Report, why the State of Illinois, should not be suited, or lawsuits, or default Judgment will be enter Against you for $500.00 Each Complaints, you was in Illinois, So you know what I am Talking About.

(Doc. 1, p. 8).  He then asks the court to "wait until the State of Illinois, here [sic] the case, in there court, once they here the case, Please take over case, in the United States District Court, for whatever district that it may be in"  *Id*.

The complaint contains no other prayer for relief.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

---

[1] Plaintiff also incorporated all or part of this list of 108 items in the two habeas cases filed in this Court: Case No. 13-cv-1082-DRH (Doc. 1, pp. 4, 6, 8, 10, 12), and Case No. 13-cv-1103-DRH (Doc. 1, pp. 3-5).

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

Plaintiff fails to allege any facts or state any claims anywhere in the complaint that relate to the named Defendants.  Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims in order to put these defendants on notice of the claims brought against them so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will

not do . . . ." *Twombly*, 550 U.S. 544, 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate his claims. *Id*. (emphasis added). The requirement of Rule 8(a)(2) that a plaintiff provide a "short and plain statement" also requires that the complaint be intelligible. *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

After fully considering Plaintiff's complaint in its entirety, as well as Plaintiff's litigation history, the Court concludes that this action is frivolous, and shall be summarily dismissed with prejudice.

Unlike Plaintiff's complaint in Case No. 13-1087-MJR (the civil rights case in which he was granted leave to file an amended pleading), Plaintiff here fails to include any factual allegations whatsoever. The entire document consists of strings of legal terms, excerpts from other cases or documents, lists of various types of cases or claims, and disjointed statements. Nothing in the complaint relates to any conditions of Plaintiff's current incarceration or describes any action by a prison official (or any other person) which might have violated Plaintiff's constitutional rights. The only marginally intelligible portion of the pleading is the section where he demands that President Obama answer each of his 108 complaints – which themselves fail to state any comprehensible claim. The pleading is incoherent and fails to state any basis upon which relief may be granted – in other words, it is frivolous. *See Georgakis v. Ill. State Univ.,* 722 F.3d 1075, 1078 (7th Cir. 2013) (filings that are incoherent or lack a legal basis are frivolous).

If this were the only lawsuit Plaintiff had filed, it might be appropriate to dismiss the complaint and allow him leave to re-plead. However, this has already been done in Case No. 13-

1087-MJR, and the instant complaint is even less intelligible and more factually deficient than the complaint in 13-1087. Furthermore, an examination of Plaintiff's recent litigation history found on the PACER website reveals that before filing this case, he filed three cases earlier in 2013 which were substantially similar to the instant case, all of which have been dismissed.[2] This litigation history, as well as a description of Plaintiff's later-filed cases, is detailed in this Court's December 17, 2013, Order in *Garrett v. Attorney General, et al.*, Case No. 13-cv-1196-JPG (Doc. 7 in that case).

He next filed the instant case in Florida on September 12, 2013. In October 2013, he filed a civil rights case and two habeas actions in this Court. On November 4, 2013, he filed his second case in the Middle District of Florida; it was transferred here and dismissed by this Court as *Garrett v. Attorney General, et al.*, Case No. 13-cv-1196-JPG on December 17, 2013 (Doc. 7). That dismissal gave Plaintiff his second "strike" within the meaning of 28 U.S.C. 1915(g).

Later, on November 29, 2013, Plaintiff filed a third case in Florida, *Garrett v. McClain*, Case No. 13-cv-1862.[3] Plaintiff's pleading in that matter contained some of the same material found in the instant complaint; it was dismissed without prejudice on December 3, 2013, but no strike was assessed.

In total, Plaintiff has filed six meritless civil rights actions (the instant case included) in

---

[2] Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). These three cases were: *Garrett v. State of Illinois Attorney General*, Case No. 13-C-4199 (N.D. Ill., filed May 31, 2013); *Garrett v. Unknown*, Case No. CV13-4468 (C.D. Cal., submitted for filing on June 20, 2013); and *Garrett v. State of Illinois Attorney General, et al.*, Case No. CV13-4971 (C.D. Cal., submitted for filing on July 11, 2013). The last of these cases resulted in Plaintiff being assessed his first "strike" (Doc. 2 in Case No. CV13-4971, docketed July 18, 2013).

[3] The Defendant in that Florida action, China Anne McClain, is an actress/singer who was named as a co-Plaintiff in two of the actions filed by Plaintiff in this Court, and whose name appears in various places in most of Plaintiff's 2013 pleadings. See http://chinaanne.net/ (last visited Dec. 13, 2013).

three different courts, within the space of five months. Plaintiff's other pending civil rights case in this Court (Case No. 13-cv-1087) may add a seventh case to this list, if Plaintiff fails to timely file an amended complaint that states a cognizable claim. Further, neither Plaintiff nor his claims (to the extent they can be understood) have any discernible connection to the courts in Florida or California.

The instant action is frivolous and shall be dismissed with prejudice. The resulting strike, according to this Court's calculation, shall be Plaintiff's third.

**Filing Fee**

When Plaintiff filed this action, he neither paid the filing fee nor sought leave to proceed *in forma pauperis* ("IFP"). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable notwithstanding the dismissal of the case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff desires to seek pauper status, he must file a motion for leave to proceed IFP. If he files a motion and it is granted, he shall be required to pay a filing fee of $350.00 for this action, which shall be collected from his prison trust account in installments pursuant to the formula in 28 U.S.C. § 1915(b). If Plaintiff fails to file a motion for leave to proceed IFP as directed below, or if his motion is denied, his filing fee shall be $400.00,[4] payable in the same manner.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff shall file a motion for leave to proceed IFP within 35 days of the date of this order **(on or before February 3, 2014).** Plaintiff

---

[4] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

is **FURTHER ORDERED** to submit, within the same deadline, the enclosed certification completed by the Trust Fund Officer at Pinckneyville Correctional Center, and a copy of his trust fund account statement (or institutional equivalent) for the period from March 12, 2013, through September 12, 2013.

The Clerk is **DIRECTED** to mail Plaintiff a blank form motion for leave to proceed IFP and the certification form.  The Clerk is **FURTHER DIRECTED** to mail a copy of this Order and the certification form to the Trust Fund Officer at Pinckneyville Correctional Center.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** as frivolous.

Plaintiff is **ADVISED** that this dismissal shall count as his third and final allotted "strike" under the provisions of 28 U.S.C. § 1915(g).[5]  Accordingly, if Plaintiff seeks to file any future civil action while he is a prisoner, he will no longer be eligible to pay the filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to

---

[5] 28 U.S.C. § 1915(g) states:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 30, 2013**

*s/ J. Phil Gilbert*
United States District Judge